364

**In re SCHULZ.**

**No. 22518.**

District Court, E. D. New York.

Feb. 2, 1933.

Robert Kent, Jr., in pro. per.

Stoll & Lynde, of New York City, for petitioning creditors.

BYERS, District Judge.

This is a motion for an' order granting a new trial of a bankruptcy cause tried in this court on July 25, 1932, which resulted in a dismissal of the petition filed against the above-named alleged bankrupt.

It is stated in the opposing affidavit that a notice of appeal from the judgment and order dismissing the petition on the merits was duly filed, and several extensions of time to perfect the appeal were obtained by the moving party prior to the day on which this motion was made, namely, January 27, 1933.

The affidavits in behalf of the motion are six in number, and the first three contain criticisms of the way in which the trial was conducted and of the indictment of two of the petitioning creditors in this court following the said trial, and they refer to the subsequent dismissal of that indictment. The third affidavit is by a stenographer who was present at the trial, and refers only to the incidents thereof. The fourth affidavit was also made by a creditor, who was not present at the trial. The fifth and sixth affidavits are by persons who undertake to state the value of certain property owned last July by the above-named alleged bankrupt, although it appears therefrom that they have not appraised these particular items of property; the seventh affidavit is of the same tenor, and concludes with the statement that one of the petitioning creditors of the above alleged bankrupt "now holds a note on which there is a balance of $250 with interest against William Schulz."

The alleged payment of that note seems to have been one of the matters in issue.

The said affidavits reflect a complete dissatisfaction with the disposition of the controversy, but contain nothing which can be even loosely described as newly discovered evidence. The petitioning creditor who made this motion took the proper course when he appealed from the judgment in question, and a review of all that took place in the trial is possible only in the appellate court.

There is nothing, in the Bankruptcy Law or in the general orders or in the court rules, having to do with such a motion as this; and if, as urged in the brief filed by the moving party, all proceedings should be considered as proceedings conducted in a court of equity, the only equity rule that could be thought to apply is No. 69 (28 USCA § 723) having to do with petitions for rehearing. That rule states, among other things: "No rehearing shall be granted after the term at which the final decree of the court shall have been entered and recorded, if an appeal lies to the Circuit Court of Appeals or the Supreme Court. But if no appeal lies, the petition may be admitted at any time before the end of the next term of the court, in the discretion of the court." '

In precise terms, the foregoing disposes of this application.

The brief filed in behalf of the motion has been examined, and presents three points:

First, that bankruptcy courts are courts of equity.

Assuming this to be true, the foregoing rule is controlling.

Second, that section 25 of the Bankruptcy Act, which requires the filing by a bankrupt of his list of creditors, was not complied with.

The reference should be to section 7 (11 USCA § 25), which has to do with the duties of bankrupts, and not *alleged* bankrupts; the requirement for the filing of schedules does not come into existence until after an adjudication of bankruptcy, which was denied in this case.

Third, reference is then made to the reopening of estates the administration of which has been closed.

Under subdivision 8 of section 2 of the act, 11 USCA § 11 (8), it should be clear that, before an estate can be closed, there must be an adjudication, and, before there can be an adjudication, the issue of alleged bankruptcy must be legally established. The trial in this case resulted in a decision that bankruptcy was not shown, and, as there was no administration of a bankrupt estate which was closed, there is, of course, nothing to reopen.

The motion papers have been carefully examined, upon the theory that the motion was made in good faith, but there is no warrant in law for granting the relief sought; and, if the law did provide for such a remedy, the application would still have to be denied, for, while the motion papers are replete with expressions of opinion, they are entirely devoid of any showing of facts. It results therefore that the court would not be justified in entertaining the motion.

Motion dismissed. Settle order.